## Bednarz v. Bednarz

*Patrick T. Kiniry,* for petitioner.
*Joseph N. Cascio,* for respondent.

CREANY, *J.,* June 16, 1981—On December 18, 1979, petitioner, James A. Bednarz instituted an action in divorce under the old divorce law of May 2, 1929. On April 21, 1980, defendant, Judith K. Bednarz, filed an answer and counterclaim in divorce.

On March 7, 1980, Miller J. Korns, now deceased, and Helen B. Korns, parents of Judith K. Bednarz, filed an assumpsit action to no. 1980-993 against Mr. Bednarz. He in turn joined Mrs. Bednarz as an additional defendant on May 19, 1980. This action asserts an oral contract between the Korns and Bednarzs to pay off a note at Somerset Trust Company, the proceeds of which were used to purchase the marital home of James A. Bednarz and Judith K. Bednarz.

On May 20, 1980, Judith K. Bednarz filed an equity action seeking a constructive trust on certain marital property alleged to have been confiscated by James A. Bednarz and seeking an injunction against him and an accounting by him, no. 1980-2075.

On May 6, 1980, a master was appointed to hold a hearing on the divorce action on June 6, 1980. James Bednarz did not attend said hearing. Mrs. Bednarz offered testimony to support her divorce counterclaim.

On June 26, 1980, the master filed a report recommending that Judith Bednarz be granted a divorce from James A. Bednarz.

On July 1, 1980, the Divorce Code of April 2, 1980, P.L. 63, 23 P.S. §101 et seq., took effect. Counsel for Mr. Bednarz filed a petition for transfer of proceedings to the Divorce Code of 1980, on July 21, 1980.

The recommended divorce was granted on July 30, 1980. On September 23, 1980, Judith Bednarz filed an answer to the petition for transfer, objecting to the transfer.

## OPINION AND ORDER

The Divorce Code of 1980 provides that a suit instituted prior to the effective date of the code may be proceeded with under the existing law or under the provisions of the code, provided that no decree has been rendered prior to the effective date of the code, July 1, 1980.[1] As is evident from the dates recited above this provision impacts on the present matter.

Thus the issue presented is whether Mr. Bednarz is entitled to have the captioned matters transferred to be decided under the new code. Neither the code nor the procedural rules adopted to implement the code provide guidelines as to when a transfer petition should be granted: 23 P.S. § 103; Pa.R.C.P. 1920.92. It has been suggested that the language in section 103 implies a discretionary power in the court to grant or refuse the request: Perlberger, Pennsylvania Divorce Code, § 2.3.2. Some trial courts concur[2] while others have held

1. The Divorce Code of April 2, 1980, P.L. 63, 23 P.S. § 101, does not permit transfer of cases in which a decree has been issued prior to the effective date, so as to avoid an ex post facto effect: Perlberger, Pennsylvania Divorce Code, § 2.3.3.

2. Homsher v. Homsher, 68 Del. Co. 158 (1980): (DeFuria, J.); Miller v. Miller, C. P. Bucks Co., no. 79-1201-03-3, March 3, 1981, Beckert, J.; Yatta v. Yatta, no. 211 Divorce 1979 (September 4, 1980); Montgomery v. Montgomery, no. 88 Divorce 1978 (September 28, 1980); Thomas v. Thomas, no. 88 Divorce 1980 (January 5, 1981), C. P. Somerset County, Coffroth, P.J.

that such petitions should be approved as a matter of right.[3]

It is the opinion of this court that a transfer to the new divorce code is at the court's discretion. However, as a practical matter such transfer should only be denied upon the showing of *compelling reasons by the objecting party*. The only objection raised by defendant is that the divorce was fully litigated prior to July 1, 1980. This is untenable as the culmination of the litigation, the decree, was not issued until July 30, 1980. Thus defendant presents no compelling reason to deny this petition.

The fact that prior litigation concerning the marital property has been initiated should not preclude a consolidation of these cases under the new code: 23 P.S. §401(c): Harvey v. Harvey, no. 35 June, 1980 (Berks County, December 12, 1980), Schaeffer, J.

• • •

James Bednarz should be afforded the benefit of the reformed divorce code and the concomitant Pa.R.C.P. 1920.22, Discovery; 1920.33, providing for inventory and appraisement; 1920.34, Joinder of Parties. As these actions are to be transferred to the new divorce code the motion for protective order filed by Judith Bednarz is obviated.

---

3. In Bordner v. Bordner, 14 D. & C. 3d 634, 18 Lebanon 1 (1980), President Judge Gates reasoned that because the code "expression 'upon application granted' is not qualified by the usual language used in the Rules of Civil Procedure, 'upon cause shown,'" transfer is a matter of right: And see Toll v. Toll, 108 Montg. 407 (1981) (Lowe, P.J.), appealed to Superior Court; Tanker v. Tanker, C. P. Phila., no. 2210, December Term 1979, Montemuro, A.J., June 2, 1980.

## ORDER

And now, June 16, 1981, after consideration of the pleadings, briefs and arguments it is ordered and decreed that the petition for transfer of proceedings to the Divorce Code of 1980 is granted, defendant's motion for protective order is denied. The matter is to proceed sec. leg.